IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RICHARDSON,<br><br>  Petitioner,<br><br> v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, JOHN MARSHALL, Warden California Men's Colony,<br><br>  Respondents. | No. C 09-2227 WHA<br><br>**ORDER TO SHOW CAUSE** |

### INTRODUCTION

Petitioner Alvin Richardson is currently serving an indeterminate term of 15 years to life in state prison. In his petition for a writ of habeas corpus, he has stated valid claims under 28 U.S.C 2254. The respondent is **ORDERED TO ANSWER** the petition.

### STATEMENT

Petitioner was convicted for violating California Penal Code Section 187. He waived a jury trial with an agreement that he could not be found guilty of anything more than second degree murder, and his court trial took place in April 2001.

Petitioner appealed his judgment of conviction to the California Court of Appeal, and he also filed a petition for writ of habeas corpus in that Court. The Court of Appeal affirmed the judgment, and it denied the habeas petition. It also denied a petition for rehearing of the habeas petition. Richardson then filed a petition for habeas corpus in Alameda County Superior Court

based on ineffective assistance of counsel. The Superior Court denied the petition in December 2006 following an evidentiary hearing. In April 2007, Richardson filed a petition for habeas corpus in the Court of Appeal based on ineffective assistance of counsel. The Court of Appeal denied the petition. In October 2007, Richardson filed a petition for habeas corpus in the California Supreme Court, and that petition was also denied.

## ANALYSIS

### 1. STANDARD OF REVIEW.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. PETITIONER'S LEGAL CLAIMS.

Petitioner argues that he was denied effective assistance of counsel. He argues that his counsel was ineffective for failing to make a motion in the juvenile court to require the prosecution to prove a prima facie case against him and for failing to make a motion in the juvenile court to challenge the voluntariness of petitioner's confession.

## CONCLUSION

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition, all attachments to it, and this order. **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY OCTOBER 30, 2009, AN ANSWER** conforming to Rule 5 of the Rules governing Section 2254 Cases in the United States District Courts. Respondent shall, by that date, also

serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed. If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated: August 31, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3