IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALVIN RICHARDSON,

    Plaintiff,

  v.

MATTHEW CATE,

    Defendant.
                            /

No. C 09-02227 WHA

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

## INTRODUCTION

This is a habeas action brought by a state prisoner under 28 U.S.C. 2254. Respondent has moved to dismiss the petition for being untimely. For the reasons set out below, the motion to dismiss is **DENIED**.

## STATEMENT

Petitioner was convicted in 2001 of second-degree murder and was sentenced to an indeterminate term of 15 years to life. Petitioner filed a direct appeal and an accompanying state habeas petition. The California Court of Appeal affirmed the judgment and denied the habeas petition without prejudice, directing the petitioner to develop additional facts in a new habeas petition. Petitioner sought rehearing of the Court of Appeal's denial of the habeas petition, which was denied. Petitioner filed a further appeal to the California Supreme Court which was also denied in September 16, 2003.

On June 11, 2003, while his first appeal to the California Supreme Court was still pending, petitioner filed a new habeas petition in Alameda County Superior Court. After an evidentiary hearing, that petition was denied on December 4, 2006.

On April 18, 2007, petitioner filed his petition with the California Court of Appeal, which was denied on September 20, 2007. On October 23, 2007, petitioner filed a petition with the California Supreme Court, which was denied on June 18, 2008. Petitioner then filed the instant federal petition on May 20, 2009

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review, (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petition from filing, (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review, or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1). Time during which a properly filed application for state post-conviction of other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. 2244(d)(2).

The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitation period. Fed. R. Civ. P. 6(a). This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitation period will be the same date as the triggering event in the following year. *Patterson*, 251 F.3d at 1246.

Petitioner is entitled to statutory tolling for the time he had a state habeas petition pending. Additionally, the time interval between a lower court decision and a filing of a new petition in a higher court is treated as time the petition is pending as long as the petition did not "unreasonably delay" in seeking review. *Carey v. Saffold*, 536 U.S. 214, 221–23 (2002). This means that a

2

state habeas petition is pending "in the absence of undue delay," while a California prisoner "complete[s] a full round of [state] collateral review" all the way up to the California Supreme Court. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2002) (citations and internal quotation marks omitted).

Respondent focuses on the 135-day gap between December 4, 2006 — when the Superior Court denied respondent's state habeas petition — and April 18, 2007 — when petitioner filed his petition with the California Court of Appeal. Respondent asserts that petitioner is not entitled to statutory tolling for that gap because 135 days was too long to be a "reasonable" delay. Petitioner filed his instant federal petition on May 20, 2009, which was 336 days after his petition was denied by the California Supreme Court. Respondent argues that both the 135-day gap and 336-day gap should be counted against defendant, which would make this federal petition untimely on the grounds that it would exceed the one-year limitation by 106 days.

To determine whether petitioner filed his petition in the Court of Appeal without reasonable delay, this Court must evaluate "all relevant circumstances." *Carey*, 536 U.S. at 226. Petitioner has offered three reasons to explain the 135-day delay at issue in this motion. *First*, he asserts that the denial of the petition was a devastating blow to him and that he became suicidal after learning that his habeas petition had been denied and tried to commit suicide several times (Opp. 5; Richardson Decl. ¶ 5). *Second*, petitioner's counsel avers that he was undergoing a personally difficult time because his father-in-law had passed away on November 21, 2006, which required counsel to undertake duties as a trustee to carry out his father-in-law's complicated estate plan (Opp. 4; Kleven Decl. ¶¶ 4–5). Additionally, counsel underwent a knee surgery on December 22, 2006, which required extensive rehabilitation and distracted him from his law practice. *Third*, petitioner had to address new evidence that was presented during the evidentiary hearing in front of the Superior Court as well as the Superior Court's lengthy decision (*Ibid.*). Consequently, the petition that was filed in the Court of Appeal on April 18, 2007, was almost three times as long as the petition that had been filed in the Superior Court.

This order agrees that the delay of 135 days was reasonable under the circumstances. The opinions cited by respondent are inapposite. Respondent cites to *Waldrip v. Hall*, 548 F.3d 729,

3

737 (9th Cir. 2008), which found that there was no justification for an eight-month delay based on a petitioner's lack of access to the law library when he was also represented by counsel. In *Waldrip*, the fact that the prisoner was represented by counsel rendered his argument that the delay in filing his petition should be excused by his lack of access to law library insignificant. Respondent also cites *Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2007), where the Fifth Circuit denied equitable tolling to a prisoner whose lawyer was "overburdened by a busy docket." *Id.* at 264. In *Lookingbill*, the prisoner argued that his lawyer was busy and offered nothing more. Respondent also relies on *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010), which denied statutory tolling to a petitioner with a 115-day gap between the denial of his first habeas petition by the Superior Court and the filing of his second habeas petition in the California Court of Appeal, as well as for the 101-day gap between the denial of his second habeas petition and the filing of his third habeas petition in the California Supreme Court. However, the petitioner in *Chaffer* offered no justification for these delays.

Here, petitioner became suicidal, was placed in mental health ward and administrative segregation and did not meet his counsel until February 9, 2007. Petitioner's counsel faced a family death, appointment as a trustee over a complicated estate plan, a major surgery and rehabilitation. This is a far cry from being just busy, and together constitute more severe circumstances than the circumstances in the opinions relied upon by respondent.

## CONCLUSION

Respondent's motion to dismiss is **DENIED**. Respondent shall answer the order to show cause and file the record within sixty days of the date this order is entered. Petitioner's traverse is due within thirty days of service of the answer.

**IT IS SO ORDERED.**

Dated: April 13, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE